ROBERT CHAPPEL v. THE STATE.

No. 7668.    Decided April 18, 1923.

Rehearing denied June 27, 1923.

1.—Seduction—Sufficiency of the Evidence.

Where, upon trial of seduction, the evidence is sufficient to support a conviction, there is no reversible error.

2.—Same—Accomplice—Corroboration.

Just how far this court may go in its interpretation of the expression, "tending to connect the defendant with the commission of the offense," as used in speaking of corroborating evidence, in Article 801, C. C. P., has not been held, and to our minds, is not capable of exact definiton; however, in the instant case the evidence is amply sufficient to show such corroboration of the testimony of the prosecutrix.

Appeal from the District Court of Milam.    Tried below before the Honorable John Watson.

Appeal from a conviction of seduction; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*R. Lyles* and *Robt. M. Lyles,* for appellant.—Cited, Wooley v. State, 97 S. W. Rep., 27; Spenrath v. State, 48 id., 193; McCullar v. State 36 id., 585; Haney v. State, 197 id., 1102; Fite v. State, recently decided.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Milam County of seduction, and his punishment fixed at three years in the penitentiary.

The case was so fairly tried in the court below that notwithstanding appellant was ably represented, no special charge was asked save one for peremptory instruction of acquittal, and no bills of exception were reserved to any action of the learned trial judge.

The record presents the single question of the insufficiency of the testimony to corroborate the injured female as to intercourse with appellant. Prosecutrix lived in the country in the Briary community, was organist of the Sunday School at that point, and appears to have

95 T. C.—9.

been seventeen years of age. Her name was Reynolds. We do not think the case one which calls for a lengthy recitation of the facts and content ourselves with a statement of the salient points in the evidence which appear to us to support our conclusion.

It was shown that appellant began keeping company with prosecutrix in December, 1920, and went with her almost exclusively up to November 3, 1921, at which time he ceased his visits to her entirely. Her association with other young men during that time is shown to have been only occasional. No attack is made on her character, nor any reflection cast upon her chaste relations with other men during said period. Appellant's promise to marry was abundantly shown by testimony aliunde; his correspondence beginning in February 1921 and ending November 1st of said year, was in testimony and breathed deep affection and addressed prosecutrix as ''my future wife'' and was signed as ''your future husband.'' The birth of a fully developed baby in January 1922 reflects the probable fact of conception on the part of prosecutrix in April 1921, and in his letters appellant refers to an April date as one he would remember as long as he lived (said date being that of an act of intercourse, according to the girl's testimony). That appellant continued going with her after her condition would seem obviously noticeable, viz: in November 1921, and that in said month he told Bob Evans that he was going to marry Miss Reynolds who lived in the Briary community, is also shown by testimony other than that of the young lady. She says that before he ceased keeping her company she had told him of her condition. She also testified that on the occasion of their first act of intercourse in January 1921, same took place in a car on the roadside near the Machet place; this testimony is to some extent corroborated by another witness who swore that he saw appellant and prosecutrix sitting in a car in January or February on the roadside near the Machet place. The engagement to marry, the constant association, the abundant opportunity, the reference to the unforgetable date, the testimony of the parties being seen apparently at the time and place identified by prosecutrix as that of the first intercourse, and his continued association with her and writing to her up to within about two months before the birth of her child,—the testimony aliunde that as late as November 1921 appellant expressed his purpose to marry her, all these and others seem to us to present facts and circumstances amply sufficient to justify the conclusion that there is evidence in this record other than that of prosecutrix which tends to corroborate her story that he met her, an innocent girl, courted her, engaged himself to her and begged her into doing what she said she knew to be wrong but which she did because he had promised to marry her and because she loved him, and because he ''just begged me into it.'' The only requirements of the law as to corroboration in a case of this kind is that it be of

sufficient cogency and strength to tend to connect the accused with the offense charged.

Finding no error in the record, and believing the evidence measures up to the requirements of the law, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1923.

LATTIMORE, JUDGE.—We are asked to review and change our conclusion that the evidence in this case aside from that of the prosecutrix, tended to show that appellant had carnally known her. Just how far this court may go in its interpretation of the expression "tending to connect the defendant with the commission of the offense" as used in speaking of corroborating evidence in Article 801 of our Code of Criminal Procedure, has not been held and to our minds is not capable of exact definition. It is well settled that the corroboration may be by circumstances, and it seems to us that with varying cases evidence of greater or less cogency might be demanded as tending to show the connection of the accused with the crime. The real theory of the law is that the accomplice through connection with the crime becomes prima facie unworthy of credit and that the State should not be permitted to rest a conviction upon the testimony of one who is thus unworthy and that the rule will be laid down as in our statute that there must be corroboration of such accomplice in every case, which corroboration must go to the extent of tending to connect the accused with the commission of the offense. That there would be necessity for more cogent corroboration in the case of a hardened criminal who had been participating in crime and probably had brought about the crime under investigation and had then turned State's evidence, than would be required where the witness was a young woman of previous good character and reputation who had fallen in love with a man and as a result thereof been led astray from the paths of virtue, but who might in all other respects be apparently worthy, would seem easily possible.

Reverting to the facts of this case, we observe that the birth of a child to prosecutrix shows her intercourse with some man. If married it would be attributed to her husband. If unmarried but engaged to marry, as appears without dispute in this case, and in constant association about the time of conception with the man to whom she was engaged and who she expected to marry, these would be circumstances which would tend to support the proposition that her intended husband was the father of the child. Such proposition would be further strengthened by the circumstances that she was shown to be of good reputation for virtue and chastity and that no suggestion was made in the record or otherwise of any unchaste

conduct on her part with other men. In our opinion the circumstances meet the demand of the law.

The motion for rehearing will be overruled.

*Overruled.*